NOS. 12-03-00131-CR


 12-03-00132-CR


 12-03-00133-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LUKE FREDRICK BICKHAM,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 This appeal concerns the disposition of three cases appealed to a county court at law from
a justice court. Luke F. Bickham appeals from the County Court at Law's order dismissing his cases
for want of jurisdiction. In his sole issue, he asserts the County Court at Law had jurisdiction to hear
the cases. We reverse and remand for further proceedings.


Background

 Appellant received three speeding tickets on three different days. In three separate
proceedings on different days, the cases were heard in justice court. Appellant pleaded no contest
in two of the cases. In the third case, he pleaded not guilty, but was found guilty by a jury. 
Appellant appealed all three cases to the county court at law. On April 4, 2002, the judge of the
County Court at Law Number 3 entered an order dismissing all three appeals for want of prosecution
and remanding them back to the justice court for imposition of the original sentences. 

 On June 18, 2002, a hearing was held in the County Court at Law Number 3 during which
Appellant explained that, although the order states that the cases were dismissed for want of
prosecution, he did appear. Further, although the dismissal had been entered in response to his
request, he had requested a remand back to the justice court, and not a dismissal. He believed he
could get a better deal in the justice court than the prosecutor had offered in the County Court at
Law. Appellant then requested jury trials in the County Court at Law on all three cases. The judge
questioned whether he had jurisdiction to reverse the dismissal order and entertain Appellant's latest
request for jury trials.

 On June 19, 2002, Appellant again filed appeal bonds in each case. All three stated that
judgments were rendered against him in justice court on June 18, 2002. All three were signed by the
Justice of the Peace on June 19, 2002 and filed of record. The three cases were sent back to the
County Court at Law, given new cause numbers, and set for trial. Those trial dates were continued. 
On January 7, 2003, the State filed its motion to dismiss the appeals for want of jurisdiction. The
basis of the motion was that the cases had been dismissed on April 4, 2002 because Appellant failed
to appear for trial. The motion did not mention the information discussed at the June 18 hearing or
the fact that Appellant had filed new appeal bonds on June 19. On March 31, 2003, the judge of the
County Court at Law entered an order granting the State's motion and dismissing the appeals for
want of jurisdiction. 

 

Analysis

 In his sole issue, Appellant asserts the dismissal order was entered in error. He contends that,
once he filed his appeal bonds, he properly perfected his appeals, thereby conferring jurisdiction on
the county court.

 Appeals from a justice court must be heard in county court. Tex. Code Crim. Proc. Ann.
arts. 4.08, 45.042 (Vernon 1977 & Supp. 2004). If an appeal bond meets the requirements of the
code of criminal procedure, the justice court must approve it. Tex. Code Crim. Proc. Ann. art.
45.0425(a) (Vernon Supp. 2004). The bond must be at least twice the amount of the fine and costs
adjudged against the defendant, payable to the State of Texas. Id. The bond must state that the
defendant was convicted, has appealed, and will appear before the court to which appeal is taken. 
Tex. Code Crim. Proc. Ann. art. 45.0425(b) (Vernon Supp. 2004). When the appeal bond is filed
with the justice court not later than the tenth day after the date of the judgment, the appeal shall be
held to be perfected. Tex. Code Crim. Proc. Ann. art. 45.0426(a) (Vernon Supp. 2004).

 The first appeal ended when the County Court at Law dismissed the appeals and remanded
the cases back to justice court. The following day, Appellant filed new appeal bonds, reciting all the
information required by the statute and signed by the justice of the peace. At that point, jurisdiction
was once again conferred on the county court at law. Tex. Code Crim. Proc. Ann. art. 45.0426(a). 
Accordingly, the county court at law erred when it entered an order dismissing the appeals for want
of jurisdiction. We sustain Appellant's issue.


Conclusion

 We reverse and remand for further proceedings in County Court at Law.




 DIANE DEVASTO 

 Justice



Opinion delivered November 26, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.















(DO NOT PUBLISH)